

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 3, 1957

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Opinion No. WW-251

Re: Whether certain institu-
tions constitute State
Eleemosynary Institutions
within the meaning of
Senate Bill 190, Acts of
the 55th Legislature.

Dear Mr. Calvert:

You have requested an opinion on the following ques-
tion:

"Are the following state agencies, Eleemosy-
Institutions within the meaning of Senate Bill
No. 190, Acts of the 55th Legislature?

"1.  Corsicana State Home
2.  Waco State Home
3.  Texas Blind, Deaf & Orphans School
4.  Board for Texas State Hospitals &
        Special Schools
5.  Texas Confederate Homes
6.  Alabama & Coushatta Indian Agency
7.  Moody State School for Cerebral
        Palsied Children
8.  East Texas Tuberculosis Sanatorium
9.  McKnight Tuberculosis Hospital
10.  Mexia State School
11.  San Antonio State Tuberculosis Hos-
        pital
12.  Kerrville State Home
13.  Austin State School Farm Colony
14.  Abilene State School
15.  Austin State Hospital
16.  Austin State School
17.  Rusk State Hospital
18.  San Antonio State Hospital
19.  Terrell State Hospital
20.  Wichita Falls State Hospital
21.  Harlingen Tuberculosis Hospital
22.  Big Spring State Hospital
23.  Gatesville State School for Boys

24.   Gainesville State School for Girls
25.   Crockett State School for Girls
26.   Texas Youth Council
27.   Texas School for the Blind
28.   Texas School for the Deaf."

While the Legislature has used the phrase "eleemosynary institution" on numerous occasions (Title 51 of Revised Civil Statutes of Texas, 1925, entitled Eleemosynary Institutions, Section 144, Tex. Probate Code and Article 690 et seq.), the judiciary of this state has not defined the term eleemosynary institution.

Eleemosynary institution is defined in Websters New International Dictionary, 2nd Unabridged Edition, as follows:

"1.   Relating or devoted to charity, alms or almsgiving.

"2.   Given in charity or alms; having the nature of alms.

"3.   Supported by charity; as eleemosy-nary poor."

The above quoted definition of eleemosynary institution has been adopted in other jurisdictions.   See United Community Services v. Omaha National Bank, 162 Neb. 786, 77 N.W.2d 576 (1956).   For additional definitions of eleemosynary institutions see 14, Words and Phrases (per.ed.).

Section 11 of Senate Bill 190, Acts of the 55th Legislature, Regular Session, ch. 414, p. 1247, 1250, provides:

"Sec. 11.   It is the intent of the Legislature that the Board may authorize an agency to dispose of surplus or salvage property where the agency demonstrates to the Board its ability to make such disposition under the rules and regulations set up by the Board, as provided for herein.   It is the further intent of the Legislature that state eleemosynary institutions and institutions and agencies of higher learning shall be excepted from the terms of this Act."

While the phrase "state eleemosynary institution" is not defined in Senate Bill 190, the phrase is defined by the Legislature in Section 2 of Article 3174a, Vernon's Civil Statutes as follows:

"Wherever the name 'Eleemosynary Institutions' or any reference thereto appears in the Legislative Statutes of Texas of 1925, or in any amendment thereto or in any Acts of any Legislature passed since adoption of said Revised Statutes, such name and such reference shall hereafter mean and apply to the 'Texas State Hospitals and Special Schools' in order to conform to the new name of said institutions as provided in Section 1 hereof."

The Texas State Hospitals and Special Schools within the meaning of Section 2 of Article 3174a are listed in Section 1 of Article 3174a and Section 3 of Article 3174b.

Since the Legislature did not define state eleemosynary institutions in Senate Bill 190, it is our opinion that it intended that the definition of eleemosynary institutions provided in Section 2 of Article 3174a would apply, and, therefore, the phrase "State Eleemosynary Institutions" refers to those institutions named in Section 1 of Article 3174a and Section 3 of Article 3174b, Vernon's Civil Statutes, as amended, and to no others.

Therefore, you are advised that the Corsicana State Home, Waco State Home, Texas Blind, Deaf & Orphans School, Texas Confederate Homes, Alabama Coushatta Indian Agency, Moody State School for Cerebral Palsied Children, East Texas Tuberculosis Sanatorium, McKnight Tuberculosis Hospital, Mexia State School, San Antonio State Tuberculosis Hospital, Kerrville State Home, Austin State School Farm Colony, Abilene State School, Austin State Hospital, Austin State School, Rusk State Hospital, San Antonio State Hospital, Terrell State Hospital, Wichita Falls State Hospital, Harlingen Tuberculosis Hospital, Big Spring State Hospital, Texas School for the Blind, and Texas School for the Deaf are eleemosynary institutions within the meaning of Senate Bill 190, Acts of the 55th Legislature, Regular Session, ch. 414, p. 1247,1250.

Since the Gatesville State School for Boys and Gainesville State School for Girls are specifically exempt from the definition of eleemosynary institution and the Crockett State School for Girls is not included, you are advised that these institutions are not eleemosynary institutions within the meaning of Senate Bill 190. You are further advised that the Board for Texas State Hospitals and Special Schools and the Texas Youth Council are governing boards rather than institutions and these agencies do not constitute a state eleemosynary institution within the meaning of Senate Bill 190.

## SUMMARY

The phrase "state eleemosynary institution", within the meaning of Senate Bill 190, Acts of the 55th Legislature, Regular Session, ch. 414, p. 1247, 1250, includes those institutions named in Section 1 of Article 3174a and Section 3 of Article 3174b and no other institutions.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeve
  John Reeves
  Assistant

JR:zt

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman

Howard Mays

James W. Wilson

Sam Lane

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Geo. P. Blackburn